**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| BUFORD O'NEAL FURROW, JR., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) 2:10-cv-63-WTL-DML |
| | ) |
| S. WELLS (L.D.H.), | ) |
| | ) |
| Defendant. | ) |

**Entry Dismissing Claims and Directing Further Proceedings**

For the reasons explained in this Entry, the legally insufficient claims must be dismissed, while the remaining claim will proceed.

**I.**

The Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). O'Neal Furrow Jr., is an inmate at a federal prison located in this District and alleges that the defendants have violated his Eighth Amendment right to adequate medical care by delaying and/or denying routine dental treatment and "repair of a broken tooth." The defendant individuals are sued in both their official capacities and their individual capacities. Furrow seeks a declaratory judgment, injunctive relief, costs, and money damages. Because Furrow is a "prisoner" as defined by 28 U.S.C. § 1915(h), his complaint must be screened for the dismissal of legally insufficient claims. 28 U.S.C. § 1915A(b).

To state a claim on which relief can be granted, "[t]he complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Bissessur v. Indiana University Bd. of Trustees,* 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Twombly,* 550 U.S. at 557). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)). In addition, although the requirements of notice pleading are minimal, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008)(citing *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006)).

## II.

Furrow's complaint is brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . .").

Applying the foregoing principles to Furrow's allegations, together with the additional principles cited, the court finds that Furrow's legally insufficient claims must be dismissed, while the remaining claim will proceed. They legally insufficient claims are the following:

- Furrow's due process claims asserted pursuant to the Fifth Amendment are **dismissed**. Furrow's claims are sufficiently and properly based on the protections afforded by the Eighth Amendment. There is no occasion to invoke the important thing is but limited protections of due process and equal protection. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) ("[C]onstitutional claims must be addressed under the most applicable provision.").

- A claim against the BOP or the defendant individuals in their official capacities is really a claim against the United States. The doctrine of sovereign immunity shields the United States from such suits unless it has given its consent to waive its immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994). No waiver has occurred. Therefore, the BOP and the official capacity claims are **dismissed.** *See King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005) (finding that the BOP is not a proper defendant in a *Bivens* action).

- The claim that the BOP's policy stating that "inmates who are housed in segregation, special housing, or jail units for less than a 12 month period will have access to dental triage and emergency care only" is unconstitutional is dismissed for failure to state a claim upon which relief may be granted and is therefore **dismissed.** A denial of routine dental care, does not constitute a constitutional violation. *Taylor v. Christain*, 1994 WL 684028, *1 (7th Cir. December 7, 1994) (citing *Rial v. McGinnis*, 756 F. Supp. 1070, 1073 (N.D.Ill. 1991); *Jackson v. Lane*, 688 F. Supp. 1291, 1291-92 (N.D.Ill. 1988) (denial of teeth cleaning is not cruel and unusual punishment)).

- "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Liability depends on each defendant's

knowledge and actions, not on the knowledge or actions of persons they supervise. . . ."). Only defendant Wells is alleged to have had a personal role in any viable Eighth Amendment claim. Claims against defendants Beighley, R. Shepherd, the FCC Warden, Regional Dental Consultant, and BOP Chief of Dental Programs in their individual capacities are therefore **dismissed** because there is no plausible claim that these defendants violated Furrow's right to constitutionally adequate medical care. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

### III.

The claim which remains following the screening required by 28 U.S.C. § 1915A(b) is the individual capacity claim against defendant S. Wells. The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(2), to issue process to defendant S. Wells. Process shall consist of a summons. Because Furrow is proceeding under the theory recognized in *Bivens,* **personal service is required.** *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the **complaint**, filed on March 10, 2010, and a copy of this Entry, on the defendant and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

**IT IS SO ORDERED.**

Date: 11/16/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

BUFORD O'NEAL FURROW, JR.
34225-048
TERRE HAUTE - USP
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204