UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

BUFORD O'NEAL FURROW, JR., )
                        Plaintiff, )
    vs. ) 2:10-cv-63-WTL-DML
                         )
S. WELLS (L.D.H.), )
                        Defendant. )

**Entry Discussing Motion for Recusal**

For the reasons explained in this Entry, the plaintiff's motion for recusal of the presiding judge (dkt 24) will be **denied.**

**Background**

Plaintiff is an inmate at a federal prison located in this District serving multiple life sentences imposed by the United States District Court for the Central District of California. *See Ileto v. Glock, Inc.,* 194 F.Supp.2d 1040 n.5 (C.D.Cal. 2002). The present action is brought pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). He alleged in his complaint that the defendants violated his Eighth Amendment right to adequate medical care by delaying and/or denying routine dental treatment and "repair of a broken tooth." He seeks a declaratory judgment, injunctive relief, costs, and damages.

This action was filed on March 10, 2010. The plaintiff's request to proceed *in forma pauperis* was granted, an initial partial filing fee was assessed and has been paid, and the complaint was screened as required by 28 U.S.C. § 1915A(b). That screening resulted in the dismissal of the legally insufficient claims. The claim which remained, and as to which the action is proceeding, is the individual capacity claim against defendant S. Wells. Process was issued to S. Wells and service of that process has been effected. The defendant currently has through March 14, 2010, in which to file his answer or other responsive pleading.

On November 24, 2010, Furrow filed a motion to recuse the undersigned as the Article III Judge assigned to the action. At the same time, Furrow filed a motion to reconsider the dismissal of legally insufficient claims in the screening order and/or the issuance of partial final judgment as to that dismissal. Only the motion to recuse is addressed in this Entry.

## Discussion

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). *See Matter of Hatcher,* 150 F.3d 631, 637 (7th Cir. 1998). The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988); *In re Murchison,* 349 U.S. 133, 136 (1955).

To prevail on a request for recusal, the facts alleged must be sufficiently definite and particular to convince a reasonable person that bias exists. The movant has not presented or alleged facts suggestive of bias in any form. He simply relates his frustration with every ruling with which he disagrees. This form of information, a litigant's negative perception, is not an objectively reasonable basis on which to conclude that a judicial officer's impartiality might reasonably be questioned. Conclusions, opinions, or rumors are not sufficient. *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985)). A decision adverse to a party--even one adverse on all of the issues raised--is not evidence of bias where that decision is supported by the law and facts, as is the case here. See *Gleason v. Welborn,* 42 F.3d 1107, 1112 (7th Cir. 1994). It has been held, not surprisingly, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994). Such rulings are proper grounds for appeal, not for recusal. *Id.*; *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be"); *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988) ("It is simply not enough to voice disagreement with previous rulings by [the judge] . . . [n]or is it enough to complain that [the judge] did not expressly consider some of appellant's motions").

"The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *Id.* In *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996), the court stated: § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry."

The plaintiff's motion rests on the undersigned's assignment to prior actions involving the plaintiff as a litigant and the plaintiff's speculation that the undersigned has had *ex parte* conversations with the defendants.

- "[A]lleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case" *United States v. Grinnell Corp.,* 384 U. S. 563, 583 (1966). The plaintiff's dissatisfaction with prior rulings by the undersigned is not evidence of bias, nor is it otherwise a valid basis for recusal. "When a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied." *Sprinpangler v. Sears, Roebuck & Co.,* 759 F. Supp. 1327, 1329 (S.D.Ind. 1991) (citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988).

- The plaintiff's claim that improper *ex parte* conversations have occurred between the

undersigned and parties adverse to the plaintiff is pure speculation and as such is not a valid basis for recusal. Recusal is not warranted for "remote, contingent, or speculative" reasons. *SEC v. Drexel Burnham Lambert Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988).

A judge should not grant a recusal motion lightly, lest the court encourage litigants "to advance speculative and ethereal arguments for recusal and thus arrogate to themselves a veto power over the assignment of judges." *Thomas v. Trustees for Columbia University,* 30 F.Supp.2d 430, 431 (S.D.N.Y. 1998). It is quite common for a single district judge to encounter a litigant, in a number of cases over that judge's tenure. That mere happenstance does not support an inference of bias in a subsequent case.

The motion for recusal fails under § 455(a)(1) because the circumstances reviewed above do not demonstrate an objectively reasonable basis for questioning my impartiality. In addition, no circumstances associated with this action warrant the disqualification of the undersigned judge under any provision of § 455(b). *In re Maurice,* 73 F.3d 124, 126 (7th Cir. 1995) (motion under 28 U.S.C. § 455 denied where it did not point to any extra-judicial source of prejudice or any reason to believe members of court did anything other than react to what they learned in preparing to decide case).

## Conclusion

"[A] 'fair trial in a fair tribunal' . . . means [a defendant's] right to a judge who takes seriously his responsibility to conduct fair proceedings, a judge who looks out for the rights of even the most undeserving defendants." *Bracy v. Schomig,* 286 F.3d 406, 418 (7th Cir. 2002). Nothing in the plaintiff's motion to recuse, in the other filings and rulings in the case, and nothing elsewhere imperils the plaintiff's or any defendant's right to the adjudication of the action as required by due process and by statute. The plaintiff's request for recusal is as frivolous as it is contrived. Accordingly, the plaintiff's motion for recusal (dkt 24) is **denied.**

**IT IS SO ORDERED.**

Date: 01/18/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

BUFORD O'NEAL FURROW, JR.
Reg. No. 34225-048
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Tom.kieper@usdoj.gov