UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BUFORD O'NEAL FURROW, JR., | ) |
| Plaintiff, | ) |
| vs. | ) 2:10-cv-63-WTL-DML |
| S. WELLS (L.D.H.), | ) |
| Defendant. | ) |

## E N T R Y

"A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier . . . ." *Patel v. Gonzales* 442 F.3d 1011, 1015-16 (7th Cir. 2006). There was no procedural or substantive error in the dismissal of certain claims in the screening entry of November 16, 2010. The screening itself was required by 28 U.S.C. § 1915A because the plaintiff, Mr. Burrows, is a "prisoner" as defined by 28 U.S.C. § 1915(h). See *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The plaintiff's motion for reconsideration (dkt 25) is therefore **denied** insofar as the plaintiff seeks a different ruling concerning the claims which were dismissed as legally insufficient.

The motion (dkt 25) is also **denied** insofar as the plaintiff seeks the entry of a partial final judgment as to the claims which were dismissed as legally insufficient. This latter ruling rests on the fact that the action Mr. Burrows seeks through the entry of partial final judgment at this time would undermine the policy of Rule 54(b) of seeking to avoid multiple, piecemeal appeals. *See Stockman's Water Co., LLC v. Vaca Partners, L.P.,* 425 F.3d 1263, 1265 (10th Cir. 2005). Especially pertinent here is the "'historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)).

**IT IS SO ORDERED.**

Date: 01/20/2011

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Buford O'Neal Furrow Jr.
No. 34225-048
Terre Haute - USP
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

Tom.kieper@usdoj.gov