# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BUFORD O'NEAL FURROW, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:10-cv-63-WTL-WGH |
| | ) | |
| S. WELLS (L.D.H.), | ) | |
| | ) | |
| Defendant. | ) | |

## Entry Discussing Motion for Summary Judgment

In this action pursuant to *Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388 (1971), plaintiff Buford O'Neal Furrow alleges that defendant S. Wells violated his rights under the Equal Protection Clause and Eighth Amendment to the United States Constitution by providing him inadequate dental care while he was an inmate at the Federal Correctional Complex in Terre Haute, Indiana (FCC Terre Haute). The defendant moves for summary judgment arguing that Furrow failed to exhaust his available administrative remedies.

## Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." **Fed.R.Civ.P.** 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

In responding to a motion for summary judgment the nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). If a party "fails to properly address another party's assertion of fact . . . the court may consider the fact undisputed for purposes of the motion." **Fed.R.Civ.P.** 56(e)(2).

## Facts

Consistent with the foregoing, therefore, the following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Furrow as the non-moving party.

The Bureau of Prisons (BOP) has promulgated an administrative remedy system through which an inmate may seek formal review of complaints related to his imprisonment. To exhaust his administrative remedies, the inmate is required to first address his complaint informally and if unhappy with that response, present the complaint to the Warden. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel, Central Office. Once an inmate receives a response to his appeal from the General Counsel, after filing administrative remedies at all three levels, his administrative remedies are exhausted as to the specific issue raised.

All requests for administrative remedy are logged and tracked in the SENTRY computer program. A review of the administrative remedy records in the SENTRY database reveals that Furrow filed the following administrative remedies.

On January 24, 2008, the BOP's North Central Regional Office received Furrow's administrative remedy number 480643-R1 with an abstract of "other medical matters". This administrative remedy was rejected by the Regional Office on January 29, 2008, for failing to attempt informal resolution, failing to request review with the Warden, and not raising a sensitive issue. This information was forwarded to Furrow. On February 19, 2008, the General Counsel's office received administrative remedy number 480643-A1 with an abstract of "other medical matters." This administrative remedy was rejected on February 23, 2008, because the request was submitted to the wrong level and because the inmate must first file a request for the Warden's review. On March 19, 2008, Furrow filed administrative remedy number 486877-R1 with the North Central Regional Office. This remedy was rejected because Furrow did not attempt informal resolution, did not file a request for review by the Warden, the request did not raise a sensitive issue, and because Furrow was attempting to appeal more than one incident on a single appeal form. On April 8, 2008, General Counsel's office received administrative remedy number 486877-A1. This administrative remedy was rejected on April 14, 2008, because the request was submitted to the wrong level, Furrow did not first file a request for the Warden's review, and the inmate did not attempt informal resolution.

Furrow states that between late 2006 and early 2007, he was threatened by staff in retaliation for his contacting an attorney, filing grievances, and learning of illegal and illicit conduct by staff. This threatening behavior made him fearful of using the non-sensitive administrative remedy process. He also said that staff were made aware of his dental care issue on June 23, 2009, and that on May 21, 2008, Warden Marberry returned to Furrow an Inmate Request to Staff Member Response which noted "an inquiry into your allegations revealed you are afforded ample opportunity to have your medical needs addressed. There is no evidence staff are tampering with mail, failing to follow procedures, or acting in an unprofessional manner."

## Discussion

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532 (citation omitted). "In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Furrow submitted a number of administrative remedy requests, but he did not follow the BOP procedures regarding administrative remedies. Instead he bypassed attempts at informal resolution and resolution with the Warden and filed his remedy requests with the Regional or General Counsel's office. Having bypassed required steps, Furrow did not exhaust the administrative remedies that were available to him.

Furrow argues that because of delay and threats on the part of prison staff, he decided to use the sensitive administrative procedure to file his grievances.[1] When an inmate submits an administrative remedy marked "Sensitive" to the Regional level and by-passes the Institution level, it is up to the Regional Administrative Remedy Coordinator to review the sensitive request and determine if it meets the criteria to be accepted as such. If the Regional Administrative

---

[1] Furrow filed a surreply to the motion for summary judgment requesting that he be permitted to present evidence of threats, retaliation, and administrative remedy tampering. Because the circumstances permitting a surreply under Rule 56.1 of the Local Rules are not present and because Furrow had the opportunity to present such evidence with his response to the motion for summary judgment, the surreply will not be considered.

Remedy Coordinator does not agree that the request is sensitive then the Request will not be accepted, and the inmate will be advised in writing of that determination. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden. Once an Administrative Remedy has been deemed not to be sensitive, the inmate must file a new Administrative Remedy and cannot merely appeal the denial of the sensitive request. That is what happened here. Furrow attempted to file sensitive remedy requests, but those requests were rejected and he was instructed to file his administrative remedy requests with the Warden as required by BOP policy. He did not do so.

Furrow argues that the regional office had a policy of rejecting any sensitive administrative remedies he submitted, but he presents no evidence to support this assertion. Even if his sensitive issue appeals were improperly denied, he had a means of exhausting his required administrative remedies. The regulations require that if a sensitive issue is denied, the inmate must initiate a remedy request through the local institution. Furrow failed to do so and therefore failed to exhaust his available administrative remedies.

Furrow also asserts that he made officials aware of his medical complaints. He cites a meeting at which officials were told of his issues and a response to an Inmate Request to Staff. What is required, however, is more than to make officials aware. To exhaust administrative remedies, Furrow was required to file his remedies in the time, place, and manner specified by the BOP. It is undisputed that he did not do so. Because Furrow failed to exhaust those administrative remedies that were available to him, the defendant's motion for summary judgment must be granted.

## Conclusion

The defendant's motion for summary judgment [44] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/24/2012

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana